IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| TRAH DAVIS  and | ) |
| VERNITA MCKIRE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Officer KELLEY, Star 973, individually and | ) |
| in his official capacity as a Police Officer | ) |
| for the City Of Harvey; | ) |
| Officer MATTHEWS, Star 933, individually and | ) |
| in his official capacity as a Police Officer | ) |
| for the City of Harvey; | ) |
| the HARVEY POLICE DEPARTMENT and | ) |
| CITY OF  HARVEY, an Illinois municipality | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

1.     This is a civil action seeking damages against Defendants Officer

KELLEY, Star 973, individually and in his official capacity as a Police Officer for

the City Of Harvey, Officer MATTHEWS, Star 933, individually and in his official

capacity as a Police Officer for the City of Harvey, the HARVEY POLICE

DEPARTMENT and CITY OF HARVEY, an Illinois municipality for committing

acts, under color of law, which deprived Plaintiffs of rights secured under the

Constitution and laws of the United States; for conspiring for purpose of impeding

and hindering the due course of justice, with intent to deny plaintiffs equal

protections of laws; and for refusing or neglecting to prevent such deprivations and

denials to Plaintiffs.

## JURSIDICTION

2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights

Act,  42 U.S.C. §1983; the judicial code 28 U.S.C. §§ 1331 and 1343(a); the

Constitution of the United States; and pendent jurisdiction as provided under U.S.C.

§ 1367(a).

## VENUE

3.      Venue is appropriate in the Northern District of Illinois pursuant to 28

U.S.C § 1391(b) as all of the events complained of occurred in Cook County, located

in the Northern District of Illinois

## PARTIES

4.      Plaintiff TRAH DAVIS is a citizen of the United States of America and a

resident of the Village of Phoenix, in State of Illinois, Cook County.

5.      Plaintiff VERNITA MCKIRE is a citizen of the United States of America

and a resident of the City of Riverdale, in the State of Illinois, Cook County.

6.      Defendant KELLEY, Star 973, was at all relevant times a Police Officer

for the City of Harvey, acting in his official capacity.

7.      Defendant MATTHEWS, Star 933 was at all relevant times a Police

Officer for the City of Harvey, acting in his official capacity.

8.      Plaintiffs sue each and all defendants in both their individual and official

capacities.

9.      Defendant CITY OF HARVEY is a Municipal Corporation, organized

under the laws of the State of Illinois and is joined in this action as the potential

indemnifier of Harvey Police Officers KELLEY and MATTHEWS.   At all relevant

times, the City of Harvey maintained, managed and/or operated the City of Harvey Police

Department.

10.     At all times material to this Complaint, Defendants KELLEY, and

MATTHEWS acted under color of the statutes, customs, ordinances and usage of the

State of Illinois, the City of Harvey and the Harvey Police Department.

## BACKGROUND

11.    On February 9, 2013, during the period of approximately 11:00 p.m. and

12 midnight, plaintiff McKire received a call from plaintiff Davis.  Davis invited McKire

to come to meet him at a local club called the Press Box on 154th and Dixie Highway,

Harvey, Illinois.

12.    Plaintiff McKire and Davis, driving separate cars, arrived at a parking area

Near the Press Box Club on 154th and Dixie Highway Harvey, Illinois at approximately

12:30 a.m.  After parking their cars, McKire and Davis went inside the Press Box Club.

13.    At approximately 2:30 a.m., a female named "Tammy" approached McKire

and Davis while inside the inside the Press Box Club.  Tammy had observed McKire

dancing with Davis and standing very close to him all evening, as a girlfriend and

boyfriend would do.

14.   Tammy then approached McKire and shoved her.  A heated exchange

occurred between Tammy, McKire and a third female accompanying Tammy.  McKire

began to feel threatened when the comments directed at her escalated into shouting and

name calling.

15.   When McKire later became aware that Trah Davis knew the women that

were threatening McKire, plaintiff McKire became upset at her friend Davis. McKire thereafter pulled Davis towards her and away from Tammy to express her displeasure with Davis.

16.  As McKire reached to pull Davis toward her, McKire accidently grabbed a chain Davis was wearing around his neck and pulled it off.  Still upset at what had just occurred between Davis, Tammy and the third woman, McKire walked away, but did not return the chain that she had taken from Davis.

17.  As McKire walked out of the Press Box club and toward her parked car, Davis followed her.  McKire could hear Davis asking her to return the chain that she had taken but she did not immediately stop walking toward her car.  The two women following McKire outside  continued to talk loudly and continued to threaten McKire.

18.  After a short time, McKire stopped walking away from Davis and turned around to hand Davis his chain.

19.  As McKire attempted to hand Davis the neck chain, Officer Kelley, drove a Harvey Police Squad Car up very fast and excitedly stopped next to Davis.  Officer Kelley then  jumped out of his police squad car, pulled out a baton from his waist area and began to strike and hit Davis with the police baton.

20.  Davis immediately raised his arms up over his face and head to defend himself against the attack by the Officer Kelley.  Officer Kelley, however, continued to hit and strike Davis with the baton on the neck and arms.

21.  Officer Kelley then arrested Davis, placed him in the back seat of the Harvey Police squad car and drove away.

22.  While the arrest of Davis was occurring, McKire walked toward her car in an

attempt to leave because Tammy and the other woman continued to yell, curse and threaten McKire.

23. As McKire began to walk toward her car, a second Harvey Police Officer ordered McKire to stop. This second Harvey Police Officer identified himself as "Matthews." Officer Matthews then asked McKire if she wanted to press charges. McKire said no, and further informed Officer Matthews that Davis had not done anything to her.

24. Officer Matthews then demanded McKire provide to him her identification card. Officer Matthews then ordered McKire to sign a form. McKire signed the form provided by Officer Matthews because he falsely told McKire that he needed her signature stating that she did not want to press charges.

25. At the time Officer Matthews presented the form to McKire, the form was blank. Only after signing the blank form did Officer Matthews tell McKire that she was free to leave.

26. Officer Kelley placed Davis into a prisoner cell at the Harvey Police Department, took Davis's personal belonging and identification.

27. Office Kelley then completed a Harvey Police Persons Incident Report Police falsely charging Davis with a criminal charge of domestic battery and a separate criminal charge of resisting arrest. Davis was subsequently held in custody, in a prisoner's cell and required to post bond in order to be released.

28. All criminal charges were subsequently dismissed without a trial.

**COUNT I – False Arrest – Trah Davis**

29. Plaintiff re-alleges paragraphs 1 through 28 above, as if fully set forth as

5

paragraph 29, of Count I.

30.  There was no probable cause to arrest and hold plaintiff, Trah Davis.

31.  At all relevant times Defendant, Officer Kelley, Star 973, was acting pursuant to the customs and practices of the Harvey Police Department.

32. The actions of Defendant, Officer Kelley, Star 973, were intentional, willful, and with malice.

33. Said actions of Defendant Officer  Kelley, Star 973, violate the Plaintiff Trah Davis's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

34.  As a direct and proximate consequence of said conduct of Defendant Officer Kelley, Star 973, the plaintiff Trah Davis, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering.

WHEREFORE, pursuant to 42, U.S.C. § 1983, Plaintiff Trah Davis demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as the Court deems equitable and just.

### COUNT II – False Imprisonment – Trah Davis

35. Plaintiff re-alleges paragraphs 1 through 28 above, as if fully set forth as paragraph 35, of Count II.

36.  That Defendant Officer Kelley's actions constitute false imprisonment.

37. At all relevant times Defendant, Officer Kelley, Star 973, was acting pursuant to the customs and practices of the Harvey Police Department.

38. The actions of Defendant, Officer Kelley, Star 973, were intentional, willful,

and with malice.

39. Said actions of Defendant Officer Kelley, Star 973, violate the Plaintiff Trah Davis's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

40. As a direct and proximate consequence of said conduct of Defendant Officer Kelley, Star 973, the plaintiff Trah Davis, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering.

WHEREFORE, pursuant to 42, U.S.C. § 1983, Plaintiff Trah Davis demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as the Court deems equitable and just.

## COUNT III- Malicious Prosecution

41. The Plaintiff adopts and re-alleges paragraphs one (1) through forty (40) of Counts I and II of this Count as paragraph 41 of this Count as though fully set forth herein.

42. That Plaintiff Trah Davis is a law-abiding citizen of the State of Illinois and prior to OFFICER KELLEY's actions, had a good professional and personal reputation amongst his neighbors and within his community.

43. Plaintiff Trah Davis, at all times material, a fully sworn "Law Enforcement Officer, in the State of Illinois as prescribed Chapter 50, paragraph 705 of the Illinois Compiled Statutes, and certified by the Illinois Law Enforcement Training and Standards Board.

44. That on or about February 10, 2013, the Defendants, and each of them, acted

maliciously to injure Plaintiff's good name and to bring him into public disgrace and

scandal, to be imprisoned for a considerable time and to further ruin, impoverish and

oppress the Plaintiff.

45. That the Defendants, OFFICER KELLEY and the CITY OF HARVEY,

falsely, maliciously and without any probable or reasonable cause, caused the Plaintiff to

be charged with committing the crime of domestic battery and resisting arrest of a sworn

police officer.

46. That pursuant to said false and malicious charges, the Plaintiff was

arrested and imprisoned prior to being released on bond for a period of two-days.

47. That the Defendant having answered ready for trial, the Court dismissed

all charges against TRAH DAVIS and Plaintiff was discharged and fully acquitted of the

alleged offenses.

48. That Plaintiff Davis's reputation has been greatly damaged. Plaintiff Davis,

as a sworn police officer has been publicly disgraced amongst his neighbors and within

his community, including some who still believe or suspect that Plaintiff Davis is guilty

of the crime of domestic battery and resisting arrest of a sworn police officer. Plaintiff

suffered and continues to suffer.

49. That as a direct and proximate result of the aforesaid malicious

prosecution, Plaintiff Davis was greatly injured, both externally and internally and

suffered severe shock to his nervous system; sustained bruises, contusions and lacerations

to his body and broken; and became and was sick and disabled and will in the future

suffer great pain and discomfort; and was kept from attending to his ordinary affairs and

duties and lost and in the future will lose great gains which he otherwise would have

acquired; and became liable for large sums of money for medical and hospital care and attention; was falsely arrested and incarcerated and was required to expend great sums of money to defend himself from these wrongful accusations; sustained great loss to his personal and professional reputation and character; and otherwise suffered great losses to his personal property and possessions.

WHEREFORE, Plaintiff Trah Davis demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as the Court deems equitable and just.

### COUNT IV – Excessive Force  – Trah Davis

50. Plaintiff re-alleges paragraphs 1 through 28 above, as if fully set forth as paragraph 50, of Count IV.

51.  On February 10, 2013, the use of force by Defendant Officer Kelley, Star # 973, against Plaintiff Davis was unprovoked, excessive and unreasonable.

52. On February 10, 2013, actions of the Defendant Officer Kelley, Star #973, were intentional, willful and wanton.

53.  Said actions of Defendant Officer  Kelley, Star 973, violate the Plaintiff Trah Davis's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42, U.S.C. § 1983, Plaintiff Trah Davis demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as the Court deems equitable and just.

### COUNT V– Battery – State Claim - Trah Davis

54.  Plaintiff re-alleges paragraphs 1 through 28 above, as if fully set forth as paragraph 54, of Count V.

55.  By striking and hitting Plaintiff Davis with the police baton across his arms, neck and head, fracturing his wrist, Defendant Officer Kelley, Star # 973 is guilty of the tort of battery.

WHEREFORE, Plaintiff Trah Davis demands judgment against Defendant Officer Kelley, Star # 973, individually, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as the Court deems equitable and just.

## COUNT VI – Defamation Per Se – (State Law) – Trah Davis

56. Plaintiff re-alleges paragraphs 1 through 28 above, as if fully set forth as paragraph 56 of Count VI.

57.  On February 10, 2013, defendant Officer Matthews  Star # 933, publically called Plaintiff Trah Davis "a domestic abuser" and alleged  that Davis had beat and/or abused Vernita McKire, in front of other unknown Harvey Police Officers and conveyed and recorded these statements in an official public record.

58.  The statements noted in paragraph 57 above, were false and Defendant Matthews knew it to be false or made, reported and recorded them with reckless disregard for the truth or falsity of the statements.

59.  Defendant Officer Matthews' statements, reports and the official police records created as described in paragraph 57, above, were made with actual malice and written and communicated with the sole intent to willfully and wantonly harm Plaintiff Trah Davis his person and reputation, so that his reputation was lowered in the eyes of

10

the community or to deter third persons from associating with them.

WHEREFORE, Plaintiff Trah Davis demands judgment against Defendant

Officer Matthews, Star # 933, individually and in his official capacity, for compensatory

damages, punitive damages, the costs of this action and attorneys' fees, and any such

other and further relief as the Court deems equitable and just.

### COUNT VII – Illegal Seizure – Vernita McKire

60.  Plaintiff re-alleges paragraphs 1 through 28 above, as if fully set forth as

paragraph 60 of Count VII.

61.  That Defendant Officer Matthews' actions constitute the illegal seizure of

 plaintiff Vernita McKire.

62. At all relevant times Defendant, Officer Matthew, Star 933, was acting

pursuant to the customs and practices of the Harvey Police Department.

63. The actions of Defendant, Officer Matthews, Star 973, were intentional,

willful, and with malice.

64. Said actions of Defendant Officer  Matthew, Star 933, violate the Plaintiff

Vernita McKire's Fourth and Fourteenth Amendment Rights of the United States

Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

65.  As a direct and proximate consequence of said conduct of Defendant Officer

Matthew, Star 933, the plaintiff Vernita McKire, suffered violations of her constitutional

rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering.

WHEREFORE, pursuant to 42, U.S.C. § 1983, Plaintiff Vernita McKire demands

judgment against Defendants for compensatory damages, punitive damages, the costs of

this action and attorneys' fees, and any such other and further relief as the Court deems

equitable and just.

### COUNT VIII – Defamation Per Se – (State Law) – Vernita McKire

66.  Plaintiff re-alleges paragraphs 1 through 28 above, as if fully set forth as paragraph 66 of Count VIII.

67.  On February 10, 2013, defendant Officer Matthews, Star # 933, publically called Plaintiff Vernita McKire a "willing domestic violence victim" and "domestic abuse victim of Trah Davis, who did not want to report domestic abuse suffered," in front of other unknown Harvey Police Officers and conveyed and recorded these statements in an official public record and nationwide law enforcement database identifying her as an domestic abuse victim.

68.  The statements noted in paragraph 67 above, were false and Defendant Matthews knew it to be false or made, reported and recorded them with reckless disregard for the truth or falsity of the statements.

69.  Defendant Officer Matthews' statements, reports and the official police records created as described in paragraph 67, above, were made with actual malice and written and communicated with the sole intent to willfully and wantonly harm Plaintiff Vernia McKire in her person and reputation, so that her reputation was lowered in the eyes of the community or to deter third persons from associating with them.

WHEREFORE, Plaintiff Vernita McKire demands judgment against Defendant Officer Matthews, Star # 933, individually and in his official capacity, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as the Court deems equitable and just.

### Count IX - 42 U.S.C. §1983 - Conspiracy to Deprive Constitutional Rights

70.  Plaintiffs re-alleges paragraphs 1 through 28 above, as if fully set forth as in paragraph 70 of Count IX.

71.  As described more fully above, the Defendants reached an agreement amongst themselves to frame Plaintiff Trah Davis for a crime he did not commit, and to thereby deprive Plaintiff Davis of his Constitutional Right, all as described more fully throughout this Complaint.

72. In this manner, the Defendant Officers, Kelley and Matthews, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

73. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and an otherwise willful participant in joint activity.

74. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs' rights were violated, and he suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

75. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiff and others.

WHEREFORE, pursuant to 42, U.S.C. § 1983, Plaintiffs Trah Davis and Vernita McKire demand judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as the Court deems equitable and just.

### Count X – Malicious Prosecution – State Claim

76. Plaintiffs re-alleges paragraphs 1 through 28 above, as if fully set forth as in paragraph 76 of Count X.

77.   By the actions detailed above, the individual defendants knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

78.   The City of Harvey is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City of Harvey, and while acting within the scope of this employment.

79.   As direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to the public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE, pursuant to 42, U.S.C. § 1983, Plaintiff Trah Davis demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as the Court deems equitable and just.

**Count XI – Intentional Infliction of Emotional Distress – State Claim**

80.   Plaintiffs re-alleges paragraphs 1 through 28 above, as if fully set forth as in paragraph 80 of Count XI.

81.   The conduct by defendants described herein was extreme and outrageous, exceeding all bounds of human decency.

82.  Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

14

83.  As direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system.

84.  The City of Harvey is sued in this Court pursuant to the doctrine of respondent superior, in that defendant officers performed the actions complained of in the employ of defendant City of Harvey, and while acting with the scope of this employment.

WHEREFORE, Plaintiff Davis demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand a jury trial.

Respectfully submitted,

 /s/ Gregory T. Mitchell
Gregory T. Mitchell
Attorney Plaintiffs

Law Office of Gregory T. Mitchell, P.C.
18141 Dixie Highway, Suite 100
Homewood, Illinois  60430
(708) 799-9325
Attorney:  #37742