# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TRAH DAVIS and VERNITA McKIRE, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 14 CV 723 |
| | ) | |
| v. | ) | Judge Sara Ellis |
| | ) | |
| STEVEN KELLEY, and RYAN MATTHEWS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RULE 50 MOTION
## FOR JUDGMENT AS A MATTER OF LAW

Defendant Steven Kelley, by his attorneys, moves for judgment as a matter of law as to Count 6 of the Second Amended Complaint under Federal Rule of Civil Procedure 50, and in support states as follows:

## INTRODUCTION

In Count 6, Plaintiff Davis alleges that Defendant Kelley falsely called him "a domestic abuser" and falsely alleged that he "observed Davis grab McKire's left arm aggressively, then proceeded to shake McKire" in a Harvey Incident Report. Davis further alleges that Officer Kelley stated that "McKire attempted to snatch away, at which time Davis became violent and grabbed McKire by the shoulder and neck area." Second Amended Complaint, ¶55 (Doc. 54).

Under Federal Rule of Civil Procedure 50, Defendant Kelley is entitled to judgment as a matter of law on Davis' defamation *per se* claim as the statements were made in the scope of Kelley's duties; thus, he is protected by (a) absolute immunity under common law and (b) the defamation immunities under the Illinois Tort Immunity Act.

1

## STANDARD

At any time before a case is submitted to the jury, a party may move for judgment as a matter of law under Federal Rule of Civil Procedure 50 ("Rule 50"). Fed. R. Civ. P. 50(a)(2). Rule 50 authorizes the entry of judgment as a matter of law if a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. Fed. R. Civ. P. 50(a)(1); *Hall v. Forest River, Inc.*, 536 F.3d 615, 619 (7th Cir. 2008). "In other words, the question is simply whether the evidence as a whole, when combined with all reasonable inferences permissibly drawn from that evidence, is sufficient to allow a reasonable jury to find in favor of that plaintiff." *Hall*, 536 F.3d at 619. The standard for granting judgment as a matter of law mirrors the standard for granting summary judgment. *Murray v. Chi. Transit Auth.*, 252 F.3d 880, 886-87 (7th Cir. 2001).

## ARGUMENT

**A. Defendant Kelley is entitled to common law absolute immunity as the statements were made within the scope of his employment.**

The Supreme Court of Illinois has explained that this immunity is "justified by the countervailing policy that officials of government should be free to exercise their duties without fear of potential civil liability." *Novoselsky v. Brown*, No. 15-1609, 2016 WL 2731544, at *4 (7th Cir. May 10, 2016) (quoting *Blair v. Walker,* 64 Ill.2d 1, 6 (1976)). Accordingly, "Illinois courts have long held that executive branch officials of state and local governments cannot be civilly liable for statements within the scope of their official duties." *Id.*; *Harris v. News-Sun*, 269 Ill. App. 3d 648, 652 (2d Dist. 1995) (applying the immunity to the police). This immunity is "absolute" and "provides a complete immunity from civil action." *Id.* Therefore, it "cannot be overcome by a showing of improper motivation or knowledge of the statement's falsity, including malice." *Id.* An "unworthy purpose" behind the communication "does not destroy the

privilege," for immunity would be of little use if it could be defeated by "a jury's speculation as to motives." *Id.* at *6 (quoting *Barr v. Matteo*, 360 U.S. 564, 575 (1959)). This immunity covers defamatory statements. *Id.* (citing *Klug v. Chicago School Reform Bd. of Trustees,* 197 F.3d 853, 861 (7th Cir.1999); *Horwitz*, 260 F.3d at 617-18.

"The scope of the immunity is broad" and the only limitation to this "severe restriction" is that the officials made the "statements within the scope of their authority." *Id.* at **4-6. The immunity applies if the statements are reasonably related to their official duties, superiors were protected by absolute privilege. *Dolatowski v. Life Printing & Pub. Co.*, 197 Ill. App. 3d 23, 29 (1st Dist 1990), as well as to the "exercises of discretionary judgment" incident to those duties. *Novoselsky*, No. 15-1609, 2016 WL 2731544, at *5 (quoting *Blair,* 64 Ill.2d at 6); *Harris,* 269 Ill. App. 3d at 652-53 (affirming dismissal of defamation action against law enforcement officials on the basis of absolute privilege where statements by officers concerning investigation were made in the course of their duties). "Law enforcement is a uniquely governmental function that requires the exercise of discretion." *Steinway v. Vill. of Pontoon Beach*, No. 06-CV-1043-DRH, 2009 WL 1940431, at *4 (S.D. Ill. July 7, 2009).

In this case, Davis alleges that the Defendant Officers were acting within their official capacity, under color of law, and within the scope of their employment. (Second Amended Complaint, (Doc. 54), ¶¶ 1, 6-7, 9, 76, 82). Davis, therefore, admits that the statements he complains of were made as part of their official duties. *Golden v. Vill. of Glenwood*, No. 14 C 7247, 2015 WL 1058227, at *4 (N.D. Ill. Mar. 6, 2015) (Ellis, J.) (holding that because complaint alleged that police officer was acting under color or law and within the scope of his employment, he conceded that police officer was is a public official, acting in an executive capacity under Section 2-102 of the Illinois Tort Immunity Act). Davis cannot simultaneously

3

contend that the City of Harvey is obligated to pay for any judgment against Defendants Officers because their actions within the scope of their duties, and at the same time, contend that those same actions were somehow outside the scope of their duties.

Plaintiffs were correct in their admission. There is no doubt that the statements were made in the course of Officer Kelley's official duties. They were made in the course of a police investigation. Further, officers are immune when they exercise discretion, such as here, where Officer Kelley determined which information to include in reports and to share with other officers.

**B.  Defendant Kelley is immune from liability for defamation under the Illinois Tort Immunity Act.**

Regardless of the evidence presented, Defendant Kelley is entitled to judgment as a matter of law because he is immune from liability under the Illinois Tort Immunity Act, which absolutely immunizes Kelley from defamation claims.

Section 2-210 of the Tort Immunity Act provides:

A public employee acting in the scope of his employment is not liable for an injury caused by his negligent misrepresentation or the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material. 745 ILCS 10/2-210.

Section 2-210 provides absolute immunity from liability where a public employee communicates allegedly false information. *See Goldberg v. Brooks*, 409 Ill. App. 3d 106, 111-12 (1st Dist.2011) (affirming dismissal, based on Section 2-210 immunity, where teacher falsely told superintendent that bus driver drover her against her will who then reported to the information to the driver's employer); *Strack v. Morris*, 2012 IL App (4th) 120253-U, ¶ 21 (unpublished) (Section 2-210 immunized police officer from liability for claim that he, before investigating, told a newspaper unfounded allegations made by a parent that the plaintiff inappropriately touched a minor); *Cox v. Calumet Pub. Sch. Dist. 132*, No. 16 C 561, 2016 WL

1555718, at *3 (N.D. Ill. Apr. 18, 2016) (discussing Section 2-210 and citing *Goldberg* in dismissing defamation claim by fired employee against school superintendent.); *Thompson v. Bd. of Educ. Twp. High Sch. Dist. 113*, 2016 IL App (2d) 150226-U, ¶ 46 (unpublished) (dismissing claims against school officials, pursuant to Section 2-210, because they "were conducting an investigation within the scope of their employment and how they provided information about their investigation is immunized from liability.").

Here, Davis contends that Defendant Kelley communicated false information to Davis's employer, the South Suburban Police Department and/or the State's Attorney's Office. The Tort Immunity Act squarely immunizes him from liability for this type of claim.

For these reasons, Defendant Steven Kelley respectfully requests this court to enter judgment as a matter of law in his favor.

**STEVEN KELLEY**

By: *s/Bhairav Radia*
One of their attorneys

Julie M. Koerner, #6204852
Bhairav Radia, #6293600
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (847) 291-9230
e-mail: bradia@okgc.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2016 I electronically filed this Defendants' Rule 50 motion for judgment as a matter of law with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

mitchlaw00@comcast.net

By: *s/Bhairav Radia*

One of their attorneys

Julie M. Koerner, #6204852
Bhairav Radia, #6293600
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (847) 291-9230
e-mail: bradia@okgc.com