IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| TRAH DAVIS and | ) | |
| VERNITA MCKIRE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 14 cv 723 |
| Officer KELLEY, Star 973, individually and | ) | |
| in his official capacity as a Police Officer | ) | |
| for the City Of Harvey; | ) | |
| Officer MATTHEWS, Star 933, individually and | ) | Hon. Sara L. Ellis, Judge |
| in his official capacity as a Police Officer | ) | |
| for the City of Harvey; and | ) | |
| CITY OF HARVEY, an Illinois municipality | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants' motion should be denied because the underlying conduct constituting the f Plaintiff Trah Davis' defamation complaint was so reckless and outrageous that the issue of whether Defendant Kelley's conduct falls with the scope of his employment as a Harvey Police Officer is a contested issue that should be determined by the jury.

    **a. Liability by the City of Harvey concerning the defamation allegation is not required as a matter of law.**

The general rule in Illinois is that a municipality may be held liable for the tortious acts of police officers in the scope of their employment. *Andrews v. City of Chicago* (1967), 37 Ill.2d 309, 311, 226 N.E.2d 597. Liability will not be imposed on the municipality when the conduct

of the off-duty police officer is so reckless and outrageous that it is deemed to be outside the scope of employment. *Wolf v. Liberis*, 505 N.E.2d 1202, 153 Ill.App.3d 488, 106 Ill.Dec. 411 (Ill. App. 1 Dist., 1987).  Examples of conduct outside the scope of employment have included a police officer intentionally threatening to kill and then killing a complainant's son so as to cause the complainant great emotional distress (*Nelson v. Nuccio* (1971), 131 Ill.App.2d 261, 268 N.E.2d 543, appeal denied, 47 Ill.2d 590); off-duty police officers falsely arresting, falsely imprisoning and sexually assaulting a complainant, even though their status as off-duty police officers was what enabled them to retain custody of the complainant (*Gambling v. Cornish* (N.D.Ill.1977), 426 F.Supp. 1153); and an off-duty policeman breaking down the door of a neighbor's apartment and shooting the occupant in the mistaken belief that he was entering his own apartment and shooting a burglar. *Dzing v. City of Chicago* (1980), 84 Ill.App.3d 704, 40 Ill.Dec. 420, 406 N.E.2d 121, appeal denied, 81 Ill.2d 590.  See also, *Luna v. Meinke*, 844 F.Supp. 1284 (N.D.Ill.1994) (summary judgment not appropriate regarding scope of employment issue for off-duty police officer, where alleged conduct of the officer - kicking and punching the plaintiff constituted the crime of battery under Illinois law, the officer's alleged illegal conduct was part of the dispute, which culminated in an unprovoked beating of the other party to the dispute, and where the personal anger of the officer obviously played a role in the attack.)

      In this case, while the City of Harvey has admitted liability for the *Monell* claim, neither the City of Harvey nor Defendant Kelley can reasonably argue that the creation of a false police report which is created to conceal illegal conduct of the police officer creating the false report by accusing an individual of criminal conduct, is conduct that was pursuant to a recognized policy or practice of the Harvey Police Department.  The term "scope of employment" has been characterized as a "highly indefinite phrase" which "refers to those acts which are so closely

2

connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objectives of the employment." W. Keeton, Prosser & Keeton on Torts § 70 at 502 (5th ed.1984) (hereinafter Prosser).

The fact that the City of Harvey has chosen to accept liability for the *Monell* claim (Count XII, p. 18, Second Amended Complaint) for tactical reasons in this instance, does not prohibit the jury from determining that Defendant Kelley's actions were so reckless and outrageous that he was not acting within the scope of his employment as a Harvey Police Officer when he prepared and published this patently defamatory report in attempt to conceal his illegal and outrageous conduct and Plaintiff Davis. Moreover, Defendant Kelley cannot credibly suggest that it is within the scope of his employment as a Harvey Police Officer to prepare false criminal complaints in this instance, to falsely describe his encounter with Plaintiff Davis on February 10, 2013, and to falsely charge Davis with domestic battery and other criminal conduct. In Illinois, generally, summary judgment is inappropriate in cases involving the scope-of-employment issue. *Pyne v. Witmer,* 129 Ill.2d 351, 359, 135 Ill.Dec. 557, 543 N.E.2d 1304, 1308 (1989).

### b. Officer Kelley is not automatically immune from liability for defamation under the Illinois Tort Immunity Act.

Contrary to defendants' contention that, "regardless of the evidence presented, Defendant Kelley is entitled to judgment as matter of law" (Def. Mot. p. 4), the Illinois Tort Immunity Act plainly states that for Section 2-210 immunity to apply, Officer Kelley must have been acting within the scope of his employment at the time he created and submitted the false incident, and published the defamatory statement to other law enforcement officers within and outside of the

Harvey Police Department. While Section 2-210 does not define the criteria to be used in determining whether defendant was acting within the scope of his employment; however, the Second Restatement of Agency (the Restatement) has identified three general criteria, which our supreme court has adopted:

" '(1) Conduct of a servant is within the scope of employment if, but only if,:

  (a) it is of the kind he is employed to perform;

  (b) it occurs substantially within the authorized time and space limits;

  (c) it is actuated, at least in part, by a purpose to serve the master ***[.]' " *Adames v. Sheahan,* 233 Ill. 2d 276, 298-99 (2009) (quoting Restatement (Second) of Agency § 228 (1958)). All three criteria must be met to conclude that an employee was acting within the scope of employment. *Adames*, 233 Ill. 2d at 299.

    To resolve this issue fairly, plaintiff recommends that the trial court simply instruct the jury on the Restatement criteria, and permit the jury to answer a special interrogatory as the trial court properly did in *Meegan v. Gonzalez*, 2015 IL App (1st) 132501-U (Ill. App., 2015). In that case, defamatory statement was made by a public employee was a school administrator. The trial court instructed jury to first determine whether the statement communicated satisfied the three criteria for determining if the statement made by the school administrator was within the scope of her employment. In this case, a similar special interrogatory will allow the jury to first determine whether Defendant Kelley was acting with the scope of his employment as Harvey Police Officer when he created and disseminated the false report about Plaintiff Davis on February 10, 2013. A jury's answer to a special interrogatory will not be reversed unless it is against the manifest weight of the evidence. *Blakey v. Gilbane Building Corp.*, 303 Ill. App. 3d 872, 882 (1999).

4

        Respectfully submitted,

        */s/ Gregory T. Mitchell*
        Gregory T. Mitchell
        Law Office of Gregory T. Mitchell, P.C.
        18141 Dixie Highway, Suite 100
        Homewood, Illinois 60430
        (708) 799-9325
        Mitchlaw00@comcast.net